JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Jeffrey Carpenter, administrator of the Estate of Gregory Longenecker

**DEFENDANTS**

Pennsylvania State Police, Pennsylvania Game Commission, Commonwealth of PA, Mark Weiss, John Doe State Police Officers

**(b)** County of Residence of First Listed Plaintiff  Berks

*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Dauphin

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Jordan Strokovsky (Strokovsky LLC) 1500 Market Street, 12th Floor East Tower, Philadelphia, PA 19102 215.317.6545

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 2  U.S. Government Defendant
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | ❏ 690 Other | 28 USC 157 | 3729(a)) |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
| Student Loans | ❏ 340 Marine | Injury Product | | New Drug Application | ❏ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | | ❏ 840 Trademark | Corrupt Organizations |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | Exchange |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | Relations | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| | ❏ 362 Personal Injury - | Product Liability | ❏ 751 Family and Medical | | ❏ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ❏ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ❏ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement | ❏ 870 Taxes (U.S. Plaintiff | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | Income Security Act | or Defendant) | ❏ 899 Administrative Procedure |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | Act/Review or Appeal of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ❏ 2  Removed from State Court
- ❏ 3  Remanded from Appellate Court
- ❏ 4  Reinstated or Reopened
- ❏ 5  Transferred from Another District *(specify)*
- ❏ 6  Multidistrict Litigation - Transfer
- ❏ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1983

Brief description of cause:
Claims under the Fourth and Fourteenth Amendments for deprivation of decedent's rights. State torts, too.

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
Excess of $150,000.00

CHECK YES only if demanded in complaint:

**JURY DEMAND:**  ☒ Yes  ❏No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE  3/18/19

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT  _____   APPLYING IFP  _____   JUDGE  _____   MAG. JUDGE  _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1201 Main Street, Shoemakersville, PA 19555 _____

Address of Defendant: _____ 1800 Elmerton Avenue, Harrisburg, PA 17110 _____

Place of Accident, Incident or Transaction: _____ State Game Lands Lot 280, Berks County, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/18/19 _____ _____ 318811

*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   **Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
      *(Please specify):* _____

**B.**   **Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Jordan Strokovsky _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 3/18/19 _____ _____ 318811

*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
|  | : | |
|  | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                    (✓)

(f) Standard Management – Cases that do not fall into any one of the other tracks.            ( )

| 3/18/19 | Jordan Strikovsky | Plaintiff - Estate of Langenecker |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-317-6545 | 609-482-4977 | Jordan @ actionafterinjury.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEFFREY CARPENTER as administrator of the Estate of Gregory Longenecker<br>1201 Main Street<br>Shoemakersville, PA 19555 | CIVIL ACTION<br><br>No. |
| Plaintiff,<br><br>v. | JURY TRIAL DEMANDED |
| PENNSYLVANIA STATE POLICE<br>1800 Elmerton Avenue<br>Harrisburg, PA 17110-9797;<br>PENNSYLVANIA GAME COMMISSION<br>2001 Elmerton Avenue<br>Harrisburg, PA 17110-9797;<br>JOHN DOE PENNSYLVANIA STATE<br>TROOPERS, in their official and individual<br>capacities and the identities of whom are<br>presently unknown by plaintiff<br>c/o Pennsylvania State Police;<br>MARK WEISS, in his official and individual<br>capacity<br>c/o Pennsylvania Game Commission; and<br>COMMONWEALTH OF PENNSYLVANIA<br>Strawberry Square<br>Harrisburg, PA 17120 | |
| Defendants. | |

## **COMPLAINT**

Plaintiff Jeffrey Carpenter (administrator of the Estate of Gregory Longenecker), through

his counsel, Jordan Strokovsky, avers as follows:

I.     **PRELIMINARY STATEMENT: Pennsylvania State Police and a Pennsylvania
Game Commission Worker ran Gregory Longenecker over with a bulldozer,
<u>crushing and killing him.</u>**

1. A helicopter is flying low overhead, a battalion of armed men are on standby, and a

bulldozer is rumbling through brush that contains Gregory Longenecker--a harmless, music

loving, short order cook. Gregory has a date with his longtime-girlfriend early that evening, but he is not coming home. Pennsylvania State Police are running Greg over with a bulldozer—crushing and killing him all over a small amount of marijuana plants.

From the very beginning of this 2.5 hour event, the State Police knew Gregory was no threat. Rather than walk through the very manageable brush and approach Mr. Longenecker, use a police dog, wait for Mr. Longenecker to leave the brush, or simply later meet Mr. Longenecker at his house, State Police sent a helicopter to hover low over the brush. Among the loud noise, flying debris, and chaos created by the helicopter, the troopers from the helicopter screamed over the loudspeaker, "I see you lying there. Get up!" The Police know that Mr. Longenecker is lying in the underbrush and they know they can't see him in the brush from the ground. Nonetheless, State Troopers commandeer a bulldozer and direct a non-law enforcement Game Commission worker to drive the bulldozer to where Mr. Longenecker is lying in the brush. State Police know that their actions will kill Mr. Longenecker in a gruesome manner, but they do not stop until he is dead.

Mr. Longenecker's life is cut short at fifty-one years of age, leaving behind his family, friends, girlfriend and soulmate of approximately 25 years, and her children—whom he cared for as if they were his own. Mr. Longenecker worked 40-80 hours a week as a cook and manager at a local food establishment. He never harmed anyone and was kind to all.



(Gregory Longenecker is on the right.)

2

The State Police swear to honor the use of force, to be of service to those in danger, and to obey the law. On July 9th, when Gregory Longenecker is being crushed by a government operated bulldozer, the use of force by the Police is not honored, but is excessive; The Police are not helping those in danger, but are creating it; And the Police are not upholding the law they swear to obey, but are violating Mr. Longenecker's constitutional rights.

We are a society founded, built upon, and sustained by the very fabric of our Constitution, and when someone violates it, he or she must be held accountable.

In turn, the Estate of Gregory Longenecker seeks justice for Greg and files this lawsuit pursuant to Section 1983 for defendants' violation of Mr. Longenecker's civil rights under the Fourth and Fourteenth Amendments. State tort claims are being pursued as well.

Finally, there is no way Mr. Longenecker crawled underneath the back of the bulldozer and any conclusions made to that effect are flat out wrong.

II.   **JURISDICTION AND VENUE**

2.   This action is brought pursuant to 42 U.S.C. Section 1983.

3.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. Sections 1331 and 1343, and venue is properly set in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. Section 1391.

4.   The causes of action alleged herein arise from factual allegations occurring in this judicial district.

5.   Upon information and belief, Defendants Mark Weiss and the unidentified State Police reside in this judicial district.

6.   This Court has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. Section 1367.

### III.   **PARTIES**

7.   Plaintiff, Jeffrey Carpenter, is the administrator of the Estate of Gregory Longenecker and is an adult individual residing at 1201 Main Street, Shoemakersville, Pennsylvania 19555.

8.   Defendant, Mark Weiss ("Defendant Weiss"), is an adult individual, who, during all relevant times, was employed by the Pennsylvania Game Commission. All of Defendant Weiss' actions or inactions were taken under color of state law. He is sued in his individual and official capacity.

9.   John Doe Pennsylvania State Police Officers are troopers whose identities have not been ascertained presently, but they include the State Police Officer who was in the bulldozer during this incident, the officer(s) who made the decision to use the subject bulldozer, the officer(s) who guided and/or controlled the bulldozer, and the officers who stood idly by watching Mr. Longenecker's constitutional rights be violated. These officers, all of whom were acting under the color of law, will be sued in their official and individual capacities.

10. Defendant Pennsylvania State Police ("PSP") was created by an act of legislation, which was signed into law on May 2, 1905. The Defendant PSP has jurisdiction in all political subdivisions in the Commonwealth. The Defendant PSP is headquartered at 1800 Elmerton Avenue, Harrisburg, PA 17110.

11. Defendant Commonwealth of Pennsylvania created Defendant PSP by an act of legislation which was signed into law on May 2, 1905.

12. Defendant Pennsylvania Game Commission, with its headquarters located at the above-captioned address, is the Commonwealth's agency responsible for wildlife conservation and management in Pennsylvania.

## IV.   **FACTS**

13. On July 9, 2018, Gregory Longenecker was on state game lands with his friend, David Light.

14. It was a calm, but hot, summer day.

15. At around 11:00 AM, game commission worker Defendant Weiss contacted Chief Brian Thumm of the Bernville Police Department regarding Mr. Light's vehicle parked by the sign that states "No Motor Vehicles Beyond this Point" in state game land lot 280 in Penn Township, Berks County, Pennsylvania.

16. Along with Defendant Weiss, Chief Thumm arrived to the vehicle and saw no one in it.

17. He ran the plate on the vehicle and it was not stolen.

18. Chief Thumm and Defendant Weiss approached a section of underbrush in search of the person from the vehicle.

19. Chief Thumm allowed Defendant Weiss to enter the underbrush while he waited nearby.

20. Chief Thumm did not want to go through the brush because he considers himself to be older and out of shape.

21. Defendant Weiss screamed out that he found marijuana plants.

22. Despite being out of shape, Chief Thumm ran through the underbrush "like a bull in a china shop."

23. In the direction of Mr. Light and Mr. Longenecker, Chief Thumm screamed, "Stop or I'll shoot."

24. Chief Thumm grabbed David Light and took him down to the bottom of the hill with Defendant Weiss to Chief Thumm's car.

25. Up until this incident, Mr. Light had no criminal record.

26. At 11:18 AM, it was noted that Mr. Light was in custody.

27. Gregory Longenecker remained in the brush.

28. State police, other local law enforcement, and game commission personnel were called to the scene.

29. Chief Thumm noted, "There were troopers and game commission officers coming in all over the place."

30. Immediately, Mr. Light identified his friend, Gregory Longenecker, to the State Police, which was noted by authorities at 11:32 AM.

31. The State Police looked Mr. Longenecker up in their system, where they obtained his basic information, including his address.

32. The State Police knew Mr. Longenecker had no outstanding warrants and his criminal record (or lack thereof) revealed that he was no danger to law enforcement or the community.

33. At the scene, Mr. Light also pleaded to law enforcement that Mr. Longenecker was harmless, docile, and unarmed.

34. Law enforcement knew Mr. Longenecker did not possess a firearm, was not a gun owner, and that he was not a threat.

35. Despite being in a location just feet from where the marijuana plants were spotted, comparable to the distance that an older Chief Thumm could go in like a bull in a china shop, no efforts were made to walk through the brush to Mr. Longenecker.

36. Law enforcement did not use the assistance of dogs or handheld tools to go through the brush.

37. Law enforcement did not put out an APB and wait to approach Mr. Longenecker at his home nearby.

38. Law enforcement simply did not wait for Mr. Longenecker to leave the brush.

39. Instead, with approximately fifteen law enforcement vehicles at the scene and many officers on location, the state police aviation unit was called to the scene.



40. The helicopter spotted Mr. Longenecker lying stationary in the brush.

41. The helicopter was flying low over Mr. Longenecker.

42. It was very loud and debris was flying everywhere.[1]

43. Again, rather than have law enforcement walk mere feet through the brush to approach Mr. Longenecker (despite knowing that Chief Thumm was able to manage going through the brush), wait until Mr. Longenecker exited the brush, or question Mr. Longenecker later at his residence, among other things, inexplicably, the State Police commandeered a bulldozer to head directly towards Mr. Longenecker.

---

[1] This is not the only time State Police inappropriately used one of its helicopters. *See* https://www.cnn.com/videos/us/2018/10/04/penn-state-tailgate-helicopter-faa-orig-vstan-bdk.cnn.



44. A CAT D4G XL Bulldozer, with similar force and characteristics of a military tank, was being operated by Defendant Weiss—who received direction and/or was under control by the unidentified state trooper in the bulldozer with him and troopers radioing in from the helicopter.

45. Defendant Weiss has no training or experience in law enforcement; he certainly was not qualified to approach Mr. Longenecker in this situation, and it is against State Police Policy to enlist non-law enforcement personnel in this situation.

46. Even outside of brush, visibility in this bulldozer is difficult, particularly spotting objects low to the ground.

47. ***Here, the police <u>admit</u> that from the ground, the brush was so thick that they could not see in front of them.***

48. Trooper Boehm explained further, "It's so thick up there, there's no way, there's no way you could see somebody laying there."

49. Nonetheless, with zero visibility, Defendant Weiss, under the direction of State Police and the unidentified trooper in the cabin with him, began to drive the bulldozer towards the defenseless Mr. Longenecker.

50. The helicopter was communicating with the trooper in the cabin about Mr. Longenecker's location.

8

51. The bulldozer was headed directly where Mr. Longenecker was spotted lying down.

52. Over the PA System of the helicopter and amidst the booming force and flying debris, the troopers screamed, "I see you lying there! Get up!"

53. ***The bulldozer continued towards Mr. Longenecker, with Defendant Weiss and the unidentified troopers knowing that he was lying in that area and also knowing they could not see in front of them.***

54. Next, the helicopter personnel told the bulldozer to stop.

55. Just mere feet from where the small assembly of marijuana plants were located, Gregory Longenecker was crushed and killed by being run over by the nine ton bulldozer.

56. It was 1:50 PM.

57. Virtually all of Mr. Longenecker's bones and organs were crushed, broken, and/or lacerated from his pelvis to his collar bone. Among other things, he also suffered horrendous wounds to his head and right leg.

58. The deliberate, intentional, and reckless actions of the troopers and Defendant Weiss go against all common sense and respect for life.

59. Surely, Defendant Weiss—with experience and training operating a bulldozer—and the involved unidentified troopers, who are trained on the use of force and searching for civilians, knew and had to have known that their actions were outrageous, criminal, and violating Mr. Longenecker's civil rights.

60. When later apologizing to Gregory Longenecker's uncle, a sergeant with the state police admitted that they never should have used a bulldozer (especially over such a small amount of plants) and that they should have just questioned Mr. Longenecker later at his house.

61. The manual for the CAT D4GXL provides: "Before you move the machine, you must make sure that no one will be endangered." Nonetheless, with each passing second the machine traveled, it was clear Mr. Longenecker's life was in grave danger.

62. The operator's manual provides: "Do not allow riders on the machine." Nonetheless, a State Trooper was along for the ride with other troopers radioing in, amidst the warzone created by the pack of state troopers and low hovering helicopter. Also, the troopers were well aware that they were violating State Police Policy for utilizing Defendant Weiss, a non-law enforcement officer, to achieve their objective of overkill.

63. Finally, the manual provides: "Before you start the engine and before you move the machine, make sure that no one is underneath the machine, around the machine, or on the machine. Make sure that the area is free of personnel." However, here the Police sent this tank-like vehicle directly towards a human—knowing that the dozer would crush all in its path.

64. The State Police also violated their policies pertaining to the use of motor vehicles and heavy equipment in this situation; OSHA regulations were violated as well.  But outside of policies, regulations, and manuals, it is obvious that this powerful machinery with limited visibility was not a search vehicle; rather, it was a machine of death.

65. During this 2.5 hour period, where Mr. Longenecker was surrounded, contained, and stationary, Defendants were not and/or should not have been in a hurried positon for decision making.

66. This was not a high speed pursuit; in fact, the police claimed on the news it was *not* a pursuit on the bulldozer in any regard.

67. The state police and Defendant Weiss were not chasing after stationary Gregory Longenecker.

68. The state police and Defendant Weiss were using a bulldozer to search for and/or seize defenseless and harmless Gregory Longenecker.

69. The state police and Defendant Weiss knew and should have known Gregory Longenecker was harmless, had no firearm, and was not a flight risk or danger to the public as he was lying stationary alone in the brush of lot 280—far from major roads and without access to any car or other form of transportation.

70. There were no circumstances for the troopers to infer that Gregory Longenecker was a threat.

71. The authorities also allege that the bulldozer was only moving one mile per hour.

72. Defendants knew that their actions would likely seriously injure or kill Gregory Longenecker, but nonetheless intentionally drove the bulldozer directly where Gregory Longenecker was spotted lying stationary in the brush.

73. There is no way Mr. Longenecker crawled underneath the back of the bulldozer; while some authorities have stated almost two months after the incident that the bulldozer stopped and Mr. Longenecker crawled under it, this did not occur and tellingly, there is no mentioning of the bulldozer stopping and starting again in initial accounts—including those by State Police and the Investigation Report by the Coroner's Office.

74. This is not just a senseless killing; Gregory Longenecker's constitutional rights were violated and deprived.

***Destruction of Evidence***

75. In September of 2018, Plaintiff's counsel sent numerous letters and emails to the Game

Commission and State Police notifying each of the need to preserve evidence in anticipation of litigation. Specifically, it was requested that the Game Commission preserve the scene of the incident:



(Pictures above were taken shortly after Greg was killed.)

76. Also in September, the Game Commission responded that it received the notice to preserve by Plaintiff's counsel and that it would take appropriate measures to preserve evidence.

77. Despite being on notice, it has recently been discovered that the brush area where Mr. Longenecker was needlessly killed has been cleared and wiped clean well after the prior correspondence was received and responded to:



(Recent pictures above show the destroyed site.)

12

78. This eradication and destruction of crucial evidence unfairly and unjustly prejudices Plaintiff's ability to investigate this matter, seek the truth, and further establish that Gregory Longenecker was run over by the bulldozer operated by Defendant Weiss and an unknown trooper. As such, Plaintiff will be seeking relief from the Court for Defendant Game Commission's spoliation of evidence.

## V.  CAUSES OF ACTION

### WRONGFUL DEATH ACTION

79. Plaintiff, hereby brings Wrongful Death claims pursuant to 42 Pa.C.S. §8301 (the Pennsylvania Wrongful Death Statute) on behalf of all those persons entitled by law to recover damages as a result of the wrongful death of Gregory Longenecker.

80. The only person legally entitled to recover under the Wrongful Death Statute is decedent's father, George Longenecker, who resides at 433 4th Street, Wernersville, PA 19565.

81. No other action has been brought to recover for Mr. Longenecker's death under the aforementioned statute.

82. Plaintiff claims all available damages under the Pennsylvania Wrongful Death Statute for financial contributions and the loss of future services, support, society, comfort, affection, guidance, tutelage, and contribution that the Plaintiff's decedent, Gregory Longenecker, would have rendered to the wrongful death beneficiary but for his traumatic, untimely and unnatural death.

83. Plaintiff claims damages for payment for all medical bills and/or expenses.

84. Plaintiff claims damages for payment of funeral and burial expenses.

**SURVIVAL ACTION**

85. Plaintiff also brings a Survival Action under the Pennsylvania Survival Statute, 42 Pa.C.S. § 8302, and pursuant to Pa.C.S. § 3373, for all damages recoverable under the Statute, including but not limited to, loss of income, as well as, nightmarish and agonizing pain and suffering prior to death, and for emotional distress suffered by Gregory Longenecker from the time of first impact and/or injury to his death.

**COUNT I – Violation of 42 USC Section 1983 (Excessive Force)**
**<u>Plaintiff v. Defendant Mark Weiss and John Doe State Police Officers</u>**

86. All preceding paragraphs are incorporated herein.

87. Defendants Weiss and the John Doe State Police Officers, in their individual and official capacities and under color of law, did subject and/or cause Mr. Longenecker to be deprived of his rights, privileges and/or immunities secured by the Fourth and Fourteenth Amendments of the United States Constitution.

88. Specifically, the individual defendants, in their individual and official capacities, violated Plaintiff's constitutional rights when they used inappropriate and excessive force under the color of law that was grossly disproportionate to the action that was required under the circumstances.

89. The individual defendants' misconduct clearly violated Plaintiff's constitutional right to be free of unreasonable seizures without due process of law.

90. Defendant Weiss and the unidentified trooper in the cabin with him, intentionally drove the bulldozer directly where Mr. Longenecker was lying and intentionally ran him over, intentionally charged towards Mr. Longenecker as a means to seize him, intentionally charged towards Mr. Longenecker as a means to get Mr. Longenecker to exit the brush, and/or intentionally charged towards Mr. Longenecker while deliberately disregarding the great risk of harm.

14

91. In a tragic fashion, Defendant Weiss and the unidentified troopers' objective to seize and/or put a stop to Mr. Longenecker's presence in the underbrush proved successful.

92. Other unidentified troopers had the opportunity to stop this madness, but either cooperated and encouraged Defendant Weiss and the unidentified trooper's actions in the bulldozer or watched in silence as Mr. Longenecker perished.

93. The misconduct of the individual defendants, individually and in their official capacities, was the proximate cause of Mr. Longenecker's injuries and death, as described above, including the nightmarish conscious pain and suffering associated with being run over by a bulldozer.

94. The level of force used by the individual defendants can only be classified as punitive and served no legitimate purpose.

95. The individual defendants willfully and maliciously applied excessive force with the sole intention of inflicting bodily injury, pain, and otherwise punishing Mr. Longenecker, who posed no danger to the individual defendants.

96. The misconduct of individual defendants was motivated by evil motive and/or mob mentality, and displayed reckless or callous indifference to Mr. Longenecker's constitutional rights.

### COUNT II – Violation of 42 USC Section 1983 (State Created Danger)
### Plaintiff v. Defendant Mark Weiss and John Doe State Police Officers

97. Plaintiff incorporates herein all prior pleadings.

98. Defendant Weiss and the unidentified trooper in the cabin and the other troopers that encouraged and helped coordinate this action, were actually aware the bulldozer they were operating had no visibility in the brush.

99. They were actually aware that Mr. Longenecker was harmless, defenseless, and lying on the ground.

100. While obvious and common sense to all, they knew and should have known that intentionally driving the bulldozer towards a defenseless and stationary Gregory Longenecker created a great and substantial risk of serious harm to Mr. Longenecker.

101. They intentionally and subjectively disregarded the great and substantial risk of serious harm to Mr. Longenecker, which was foreseeable and certain to occur; their actions were the proximate cause of his injuries and death.

102. Defendants engaged in malicious, outrageous, reckless and deliberately indifferent conduct in circumstances in which they were not required to act under any pressure or stress, but which instead provided them ample opportunity to act in a safe and appropriate manner.

103. Defendants' outrageous actions shocks the conscience and violated Mr. Longenecker's constitutional right to substantive due process under the Fourteenth Amendment.

104. Rather than serve those in danger, in this instance, defendants created danger and killed Mr. Longenecker—who had a reasonable expectation not to crushed to death by a government operated bulldozer while harmlessly lying defenseless in the brush.

105. Defendants consciously disregarded common sense, obvious and extreme dangers they created, human decency, training, and all safety protocol by intentionally driving the bulldozer towards the defenseless Mr. Longenecker until he was dead.

106. Defendants knew, and should have known, at the time that their actions which killed Mr. Longenecker also clearly violated Mr. Longenecker's constitutional rights.

107. With willful disregard and/or deliberate indifference to the safety of Mr. Longenecker, Defendants Weiss and the unidentified trooper in the cabin, ran Mr. Longenecker over with a bulldozer—with the assistance of other troopers directing and encouraging the men in the bulldozer.

108. Defendants engaged in the aforementioned conduct in their respective official and individual capacity, placing Mr. Longenecker in extreme risk of the harm that befell him, which otherwise would not have existed.

## COUNT III—NEGLIGENCE
### Plaintiff v. Defendants Mark Weiss, Pennsylvania Game Commission, John Doe State Police Officers, Pennsylvania State Police, and Commonwealth of Pennsylvania

109. Plaintiff incorporates by reference the allegations set forth in all previous paragraphs as if same were set forth at length herein.

110. Plaintiff brings forth a state law negligence claim against defendants, as there is no sovereign immunity, because the "Vehicle Liability" exception (Section 8522 (b)(1)) is applicable. Under (b)(1), motor vehicle "means any vehicle which is self-propelled," and here a bulldozer is certainly a vehicle.

111. Defendant Pennsylvania Game Commission is liable for the negligent and careless acts of its employee and agent, Defendant Weiss, who ran over defenseless, harmless, and stationary Gregory Longenecker.

112. Defendant Pennsylvania State Police is liable for the negligent and careless acts of the unidentified trooper in the cabin that commandeered, controlled, and directed the bulldozer to run over Gregory Longenecker.

113. The carelessness and negligence of Defendants consists of the following:

   a. Running Mr. Longenecker over with the bulldozer.

   b. Starting the engine and/or moving the bulldozer without making sure that no one is underneath or around the dozer, in complete disregard of the operator's manual.

   c. Operating the bulldozer in an area where it was known that Mr. Longenecker was in the area, in complete disregard to the operator's manual.

   d. Allowing another person to ride on the bulldozer, in complete disregard to the operator's manual.

   e. Operating a bulldozer when it is clear it is not a search machine.

f.   Making the decision to operate a bulldozer.

g.   Failing to have said motor vehicle under proper and adequate control.

h.   Failing to bring said motor vehicle to a stop before running Mr. Longenecker over.

i.   Failing to make proper observations.

j.   Failing to keep a clear distance from Mr. Longenecker.

k.   Failing to exercise that degree of caution and circumspection required by law under the circumstances.

l.   Failing to properly guide, steer and control the vehicle.

m.   Operating said motor vehicle at a high and excessive rate of speed under the circumstances.

n.   Failing to use due caution in driving said motor vehicle.

o.   Failing to take due note of the point and position of Mr. Longenecker.

p.   Failing to maintain an assured clear distance of Mr. Longenecker.

q.   Failing to warn Mr. Longenecker.

r.   Failing to stop said motor vehicle.

s.   Failing to maintain a proper lookout.

t.   Operating said motor vehicle in an inattentive matter.

u.   Failing to properly brake and steer said motor vehicle.

v.   Failing to operate said motor vehicle in a safe manner.

w.   Failing to properly maintain and service said motor vehicle.

x.   Traveling at a speed too fast for conditions.

y.   Violating the assured clear distance ahead rule.

z.   Causing said motor vehicle to come in contact with Mr. Longenecker; and

aa. Violating the statutes, codes, and regulations of the Commonwealth of Pennsylvania pertaining to the operation of a motor vehicle under the circumstances, as well as OSHA regulations.

114. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff was killed.

115. In sum, defendants owed Mr. Longenecker a duty not to run him over with a bulldozer, which they breached, killing him and causing severe conscious pain and suffering in the process.

## COUNT IV—ASSAULT
### Plaintiff v. Defendant Mark Weiss and John Doe Pennsylvania Police Officers

116. All preceding paragraphs are incorporated herein by reference.

117. While in the process of running Mr. Longenecker over with a bulldozer, defendants knowingly and intentionally placed Mr. Longenecker in a reasonable and immediate apprehension of harmful and offensive conduct.

118. This assault caused great emotional harm and conscious pain and suffering.

## COUNT V—BATTERY
### Plaintiff v. Defendant Mark Weiss and John Doe Pennsylvania Police Officers

119. All preceding paragraphs are incorporated herein by reference.

120. Defendants committed a battery by intentionally running Mr. Longenecker over with a bulldozer with a specific intent to harm.

121. As a result of the battery, plaintiff suffered the injuries already referenced above.

## VI.   JURY DEMAND

122. Plaintiff demands a jury determination of all issues so triable.

## VII.   RELIEF REQUESTED

123. WHEREFORE, plaintiff asks the Court to:

a) Enter judgment in his favor, against all defendants;

19

b)   Award him compensatory damages against all defendants, including but not limited to all damages permitted under Pennsylvania's Survival and Wrongful Death Acts;

c)   Award exemplary and punitive damages against Defendants Weiss and the unidentified John Doe State Police Officers;

d)   Award plaintiff attorney fees and costs pursuant to 42 USC Section 1988;

e)   Award such interest and other costs as the law permits;

f)   Provide him with such other relief as the Court deems just and equitable.

Respectfully submitted,

STROKOVSKY LLC

Date: <u>March 18, 2019</u>

By: _____
JORDAN STROKOVSKY, ESQUIRE
Attorney for Plaintiff

Jordan L. Strokovsky, Esquire
Atty ID #: 318811
1500 Market Street
12th Floor East Tower
Philadelphia, PA 19102
(215)-317-6545
Fax (609)-482-4977
jordan@actionafterinjury.com

20